IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE FORD, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:21-cv-00083-MHT-SRW |
| | ) | |
| FRANK GRISWALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**[1]

## I.   Introduction

Before the court is Defendant Loveless Johnson's motion to dismiss (Doc. 8), which contends that nothing in Plaintiff's complaint or attachments establishes a plausible theory of liability and that any claim in the complaint is barred by the statute of limitations. *Id*. at 1-2. The court ordered Plaintiff to respond to Defendant's motion to dismiss (Doc. 19), and Plaintiff filed responses, entitled as a motion to oppose (Doc. 20) and a motion to supplement (Doc. 21).

For the reasons set forth below, the court concludes that Defendant's motion to dismiss is due to be granted and that Plaintiff's claims are due to be dismissed with prejudice.

## II.   Background

On January 8, 2021, *pro se* Plaintiff Eddie Ford, Jr., filed this action under 42 U.S.C. § 1983 against Defendants Frank Griswald, Loveless Johnson, and "A. Garrett." (Doc. 1).[2] Plaintiff

---

[1] By order entered January 29, 2021, the district judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate. *See* Doc. 5.

[2] Summonses issued to Frank Griswald and "A. Garrett" and mailed to the Alabama Department of Corrections Legal Division were returned with the notation, "Decease, Return to Sender." *See* Docs. 6-8.

alleges that his civil rights were violated on January 23, 1991, which caused him to lose his good time earning status. *Id*. at ¶¶ 4-6. Plaintiff's complaint alleges, in part, the following:

> At the time of the Incident I was in good-time earning status, a status which I could be released from prison in a shorter period of time; but because of actions by the above individuals, I was illegally remove[d] from such status in violation of my rights protected by the 14th Amendment of the Constitution . . . .

*Id*. at ¶ 5.

Attached to Plaintiff's complaint is an August 27, 2007 inmate disciplinary summary report, which states, "DISCIPLINE: 01/23/1991 TIME LOST: 00Y/00M/00D." (Doc. 1-1, at 1). Also, attached to the complaint is a December 8, 1990 incident report involving someone other than Plaintiff named Michael Turner. *Id*. at 2. In his motion to supplement, Plaintiff submits a letter dated December 17, 1990, from Richard Baker, Jr., the assistant director for Alabama Department of Corrections, which states, in part, "Your request is denied at this time. Current procedures do not require that you be furnished with any material pertaining to your Disciplinary Hearing prior to actual hearing . . . ." (Doc. 21-2).

### III. Legal Standard

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The standard for a motion to dismiss under Rule 12(b)(6) was explained in *Twombly,* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the

2

> reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678-79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Id.* at 680; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' … that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility. *Mamani,* 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiffs are required to "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 683 (internal editing and citation omitted.).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (A "court may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In

3

this context, 'undisputed' means that the authenticity of the document is not challenged. . . . [A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement[.]") (citation omitted). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept legal conclusions couched in the form of factual allegations. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019) (citing *Twombly*, 550 U.S. at 555).

While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "that does not give 'a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (citation omitted).

**IV. <u>Discussion</u>**

"'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'" *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (citation omitted). Alabama has a two-year statute of limitations for personal injury actions. *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015); Ala.Code § 6-2-38(l). While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." *Lovett v.*

4

*Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Id*. (citation omitted).

Here, Plaintiff indicates that the event giving rise to his claim arose on January 23, 1991. However, Plaintiff does not allege that he was unaware of the facts surrounding his claims at that time, nor does he allege any facts to suggest that he discovered this information at a later date. Therefore, the statute of limitations began to run in January 1991. Plaintiff did not file his federal action until January 28, 2021—28 years after the running of the statute of limitations. Plaintiff's complaint is therefore untimely and is due to be dismissed pursuant to the applicable statute of limitations.

Normally, a plaintiff proceeding *pro se* must be given an opportunity to amend the complaint before the court dismisses the action with prejudice. *See Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A *pro se* plaintiff, however, '*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim.") (emphasis in original). However, "[a] court may nevertheless dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even 'a more carefully drafted complaint could not state a claim.'" *Alberto v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 467, 469 (11th Cir. 2019) (citation omitted); *Smith v. Selene Fin., LP*, No. 1:15-CV-1054, 2015 WL 11978707, at *1 (N.D. Ga. Dec. 1, 2015) ("Court has discretion to dismiss a *pro se* plaintiff's complaint with prejudice without *sua sponte* granting leave to amend where it appears that amending the complaint would be futile"); *see also Bell-James v. Career Pers.*, No. 2:15-CV-484, 2016 WL 1743354, at *4 n.4 (M.D. Ala. Jan. 4, 2016), *report and recommendation adopted*, No. 2:15-CV-484, 2016 WL 1737743 (M.D. Ala. May 2, 2016) (noting that *pro se* plaintiff will have opportunity to be heard

about the deficiencies of her complaint prior to any dismissal through filing of objections). Given that Plaintiff's claim is barred by the applicable statute of limitations, the court concludes that Plaintiff's complaint is due to be dismissed with prejudice.

**V.     Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that Plaintiff's motion to supplement (Doc. 21) be GRANTED, that Defendant's motion to dismiss (Doc. 17) be GRANTED, that Plaintiff's motion to oppose (Doc. 20) be DENIED, and that this action be DISMISSED WITH PREJUDICE. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before March 16, 2022. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 1st day of March, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge